FILED
AUG - 2 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CAREY PORTMAN
Plaintiff,
vs.

CASE NO.: 05C 3654
Judge Kennelly

EDMOND B. ANDREWS, et. al.
Defendants

______________________________/

**DEFENDANT EDMOND B. ANDREW'S MEMORANDUM OF LAW IN OPPOSITION TO DEFAULT SOUGHT BY PLAINTIFF**

Without waiving his objection to Plaintiff's attempted but improper and inadequate service of process, and without waiving his objection *in personam* jurisdiction, and without "appearing" in this cause, Defendant Edmond B. Andrews *pro se* respectfully opposes the motion for default judgment for the reasons stated below:

1. On June 27, 2005 process was attempted to be served on me by leaving the complaint with the receptionist at a law firm in Miami, Florida, Bailey and Dawes, L.C. at 3250 Mary Street, Suite 100, Coconut Grove, Florida 33133-5232.
2. Plaintiff now claims that Ms. Olga Montealegre received the process as my "wife" at my "place of abode", and therefore that process was properly served.
3. The law office of Bailey and Dawes, L.C. is not my place of abode.
4. Olga Montealegre is also not my wife.

5. By serving process on an office that is not directly affiliated with me, Plaintiff Carey Portman has not adequately served process according to Rule 4(e)(2) Fed R. Civ. P., which states that service is properly effected by "delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's *dwelling house or usual place of abode* with some person of suitable age and discretion then *residing therein* or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process". (emphasis supplied) Plaintiff failed to accomplish this.

6. The only other way to properly serve process is according to Rule 4(e)(2) Fed R. Civ. P. which allows service according to the rules of the state where the District Court resides, or where service is effected.

7. The rule for service of process in the State of Florida is substantially similar to Rule 4(e)(2) Fed R. Civ. P. *See* §48.031 Fla. Stat., which requires delivering a copy of the process and of the initial pleading to a person who is 15 years of age or older residing in the usual place of abode of the defending party after informing that person of the contents of the process and pleading. Plaintiff also failed to accomplish this.

8. Although not necessarily relevant, the rule for service of process for the State of Illinois, is substantially similar to Rule 4(e)(2) Fed R. Civ. P. Ill. Ann.

Stat. §2-203 which requires delivering a copy of the process to a person who is 13 years of age or older residing in the usual place of abode of the defending party and informing that person of the contents of the summons. Plaintiff also failed to accomplish this.

Edmond B. Andrews, *pro se*

# CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been furnished via U.S. Mail to: *Carey Portman*, 345 N. Canal, Suite 702, Chicago, Illinois 60608; His Excellency, *Martin Torrijos*, President for the Republic of Panama, Palacio Presidencial, San Felipe Valija 50, Panama 1, Panama; *Sandy Weill*, Chairman, Citigroup Inc., 399 Park Ave., New York, New York 10043; Former First Vice President *Arturo Vallarino*, Edison Plaza, Third Floor, Ricardo J. Alfaro Avenue & El Paical, P.O. Box 55-2359, Paitilla, Panama; *Angel Severino Diaz*, Torre BBVA Piso 5, Postal Code 6753, Zone 5, Panama F.C.; and, *Jennifer Schoen Gilbert*, Esquire, Neal, Gerber, and Eisenberg, 2 N. LaSalle Street, Suite 2200, Chicago, Illinois 60602, this 27 day of July, 2005.

Edmond B. Andrews, *pro se*