IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
DEC 2 1 2005
NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| CAREY PORTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05C 3654 |
| | ) |
| EDMOND B. ANDREWS | ) Honorable Judge Kennelly |
| (FORMER AMBASSADOR FOR THE | ) |
| COMMERCIAL EXTERIOR TO THE | ) Judge Presiding. |
| UNITED STATES FOR THE REPUBLIC | ) |
| OF PANAMA), ARTURO VALLARINO | ) JURY DEMAND |
| (FORMER FIRST VICE PRESIDENT | ) BOND REQUEST |
| FOR THE REPUBLIC OF PANAMA | ) |
| AND CITIBANK N.A. | ) |
| AND CITIGROUP CORPORATION | ) |
| AND ANGEL SEVERINO DIAZ, AND | ) |
| THE REPUBLIC OF PANAMA | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF PLAINTIFF, CAREY PORTMAN IN SUPPORT OF MOTION TO RECONSIDER**

The Plaintiff, Carey Portman respectfully submits this memorandum of points and authorities in support of his motion to reconsider this Honorable Court's denying his motion for entry of default judgment against Edmond B. Andrews and the Court ruling that Edmond B. Andrews had not been properly served with the summons and complaint.

As explained in Plaintiff's motion to reconsider, this Honorable Court ordered and held an evidentiary hearing for the service of the summons and complaint to Edmond B. Andrews by process server Fred Williams. Mr. Williams a highly respected process server who was found to be a credible witness by this Honorable Court has never had any

service of summons challenged in over eight years and the service of over seven thousand summons and complaints. In addition there was no party or parties at the evidentiary hearing to represent Edmond B. Andrews as all of the testimony by process server Fred Williams was uncontested and undisputed before this Honorable Court.

Fred Williams's testimony established that the summons and complaint was properly served under Florida Law, Illinois law and the Federal Rules of Procedure. Mr. Williams testified under oath and uncontested that the Ms. Montealegre and/or the firm of Bailey and Dawes accepted service of the summons and complaint on behalf of Edmond B. Andrews. The summons and complaint were delivered by Mr. Williams in a sealed envelope and were taken by Ms. Montealegre to an attorney and/or party who had the authority to accept service on behalf of Edmond B. Andrews by the law firm of Bailey and Dawes. It was established during the evidentiary hearing that the law firm of Bailey and Dawes represents Edmond B. Andrews as a registered agent for several companies registered in the State of Florida and also does the professional legal work on his behalf. It was clearly established during the evidentiary hearing that the summons and complaint was accepted properly pursuant to Fed R. Civ. P. 4(e)(2) as the law firm of Bailey and Dawes was acting as an authorized agent appointed by Edmond B. Andrews. This point was not disputed at the evidentiary hearing by the defendants or any representatives of the defendants including the law firm of Bailey and Dawes.

The fact that the firm of Bailey and Dawes accepted service of behalf of Edmond B. Andrews of the summons and complaint could have been their mistake and not

improper service by Fred Williams. If the firm of Bailey and Dawes committed attorney malpractice by their actions of receiving and accepting service for Edmond B. Andrews for the summons and complaint on this matter, there was ample time for the defendant Edmond B. Andrews and/or the law firm of Bailey and Dawes to appear at the evidentiary hearing to refute or contest any matters pertaining to improper service of the summons and complaint. The defendant, Edmond B. Andrews and/or the firm of Bailey and Dawes did not contest or refute the fact that they did not have the authority to accept service on behalf of Edmond B.. Andrews as his lawyer as in *United States v. Ziegler Bolt & Parts Co.* The firm of Bailey and Dawes did not contest or refute their authority to accept service on behalf of Edmond B. Andrews as their client at the evidentiary hearing. The firm of Bailey and Dawes had a fiduciary duty to Edmond B. Andrews to appear at the evidentiary hearing either in person or telephonically to make any representation before this Honorable Court to refute testimony made by process server Fred Williams. However, the defendant, Edmond B. Andrews and the firm of Bailey and Dawes failed to take any action whatsoever before this Honorable Court to contest any matter which is a reversible error by the District Court in denying plaintiff's motion for reconsideration and his motion for an entry of a default judgment against defendant Edmond B. Andrews.

The Court has made a reversible error by referring to an affidavit submitted by Edmond B. Andrews that should have been stricken because of his failure to appear for cross-examination during the evidentiary hearing as ordered by this Honorable Court but in addition the affidavit was flawed because of defendant, Edmond B. Andrews failure to certify under oath and attest under penalties of perjury that the information in his affidavit

is correct and true to the best of his personal knowledge. However this is a mute point as this Honorable Court stated for the record during the evidentiary hearing that only information that was presented at the hearing would be considered in determining this Honorable Court's ruling on this matter. There was no evidence to contest or refute that the law firm of Bailey and Dawes and/or Ms. Montealegre were not agents empowered to accept service of summons and complaint on behalf of Edmond B. Andrews. In fact the testimony of process server Fred Williams clearly establishes that the firm of Bailey and Dawes and/or Ms. Montealegre knowing accepted the summons and complaint on this matter for Edmond B. Andrews.

In addition the service of the summons and complaint by process Server, Fred Andrews was in full compliance of Rule 5(a)(ii) by leaving it at the person's office with a clerk or other person in charge or if no one person is in charge leaving it in a conspicuous place in the office. It this case Edmond B. Andrews has his automobile and made the law firm's addresses of Bailey and Dawes his registered address. The law firm of Bailey and Dawes is the registered agent for numerous companies and entities for defendant Edmond B. Andrews and the defendant, Edmond B. Andrews and the law firm of Bailey and Dawes did not contest or refute the service of process at the evidentiary hearing as ordered by this Honorable Court.

This Honorable Court was very explicit regarding the instructions and statements made during the evidentiary hearing and by its ruling it appears that this Honorable Court is making defenses on behalf of the defendants, that failed to appear before this

Honorable Court for the evidentiary hearing in spite of the statement that the court made that only matters that were presented by parties present at the evidentiary hearing would be considered by this Honorable Court for a ruling.

The filings, motions, testimony and transcripts as submitted by the plaintiff clearly demonstrates that the District Court has made a reversible error by denying plaintiff's motion for reconsideration and denying his motion for an entry of default judgment.

## CONCLUSION

For the reasons stated above, the motion to reconsider that the service of the summons and complaint by process server Fred Williams was legal and proper. For reasons stated above the motion for an entry of default judgment against Edmond B. Andrews should be granted as service of the summons and complaint was legal and proper as this Honorable Court has committed reversible error by the rulings entered on November 07, 2005 on this matter. This Honorable Court should be an impartial body giving equal justice for all parties that appear before it on pending matters. The defendant, Edmond B. Andrews and the law firm of Bailey and Dawes disrespected this Honorable Court by their actions thinking that a pro-se counsel would not get equal justice before this Honorable Court. The Plaintiff has complied with each order respectfully as issued by this Honorable Court and has consistently come before this

Honorable Court in a respectfully manner in compliance with all standing orders and pending matters.

Respectfully submitted;

Carey Portman

Carey Portman, Pro-Se
345 N. Canal Ste 702
Chicago, Illinois 60606
PH: 312-575-9092

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAREY PORTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05 C 3654 |
| | ) | |
| v. | ) | Chicago, Illinois |
| | ) | October 20, 2005 |
| EDMOND B. ANDREWS, et al., | ) | 11:30 a.m. |
| | ) | |
| Defendants. | ) | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MATTHEW F. KENNELLY

APPEARANCES:

Pro Se: MR. CAREY PORTMAN
345 North Canal Street
Suite 702
Chicago, IL 60606

COURT REPORTER: LAURA M. BRENNAN
219 South Dearborn Street, Room 2102
Chicago, IL 60604
(312) 427-4393

EXHIBIT

NO. A

(The following proceedings were had in open court:)
THE CLERK: 05 C 3654, Portman v. Andrews.
THE COURT: Good morning.
MR. PORTMAN: Good morning, your Honor; Carey Portman present in Court.
THE COURT: What we are here for is the hearing on the motion to reconsider the denial of the motion for default judgment, and I had indicated that I wanted to hear the testimony of the process server. I understand you have got him here.
MR. PORTMAN: Yes, your Honor, I do.
THE COURT: All right, why don't we start with that.
MR. PORTMAN: Before we start with that, your Honor, can the record reflect, please, that Mr. Edmond B. Andrews is not present in Court today?
THE COURT: Nobody is here other than you.
MR. PORTMAN: Other than me.
And Ms. Olga Monteleagro, M-o-n-t-e-l-e-a-g-r-o, affiant, is also not present in Court.
THE COURT: Okay.
MR. PORTMAN: I would like to call for my first witness Mr. Fred Williams.
(Witness sworn.)
THE COURT: Mr. Portman, you can begin when you are ready.

FRED WILLIAMS, PLAINTIFF'S WITNESS, DULY SWORN

DIRECT EXAMINATION

BY MR. PORTMAN:

Q Please state your name and address for the record.

A My name is Fred Williams, Jr. My address is 2101 N.W. 172nd Street, Miami Gardens, Florida, 33056.

Q Mr. Williams, you were the process server regarding the summons and complaint for Edmond B. Andrews?

A Yes.

Q For the record, would you please give a brief educational background?

A I am a high school graduate. I also completed a class on process service, certification class.

Q As far as a military record, would you please give a brief background on your military record?

A I am an honorary --

THE COURT: Just ask for his employment.

MR. PORTMAN: I am going to do that next, your Honor. I want to put in the record that he did serve in the military.

THE WITNESS: I served in the military and Vietnam veteran.

BY MR. PORTMAN:

Q Thank you.

As far as your occupation, your current occupation is?

A I am a process server in Miami-Dade County, Florida.

Q And your past occupation, you worked in a printing plant?
A I'm a journeyman printer after 31 years of printing.
Q Have you ever been convicted of a crime of dishonesty?
A No.
Q Do you have any criminal record?
A No.
Q Have you ever been held in contempt of any Court?
A No.
Q How long have you served as a process server?
A Eight years.
Q Eight years.
And approximately how many service of process do you do on a weekly basis?
A Twenty to 25 weekly.
Q Twenty to 25.
That would mean that you did somewhere between 7- to 8,000 service of process within an --
A Approximately.
Q -- eight-year period approximately?
Have you ever had any service quashed?
A No.
Q Have you ever had any service been challenged?
A No.
Q You submitted three affidavits and sworn statements to this Court that I have marked now as Exhibits 1, 2 and 3.

May I approach, your Honor?

THE COURT: You sure can.

MR. PORTMAN: Your Honor, may I give these to you?

THE COURT: Your arms aren't that long. You want to give it to him.

MR. PORTMAN: I want to give you a copy, too, your Honor. I want to give him a copy, also, so you both have them together at the same time.

BY MR. PORTMAN:

Q Do you recall Exhibits 1, 2 and 3, Mr. Williams?

A Yes.

Q And on 6/27/05, Monday, at 11:30, you gave service of process to Edmond B. Andrews?

A Yes.

Q Could you briefly describe in your own words, Mr. Williams, what transpired on that particular day? You went into --

A I entered the office and I encountered --

THE COURT: Actually what I would like you to do, Mr. Williams, if you could, is just tell me, without reference to your documents there, if you can -- if you need to refer to them, tell me, but I would just like you to tell me in your own words what happened.

THE WITNESS: I entered the offer and encountered a receptionist. She asked me, could she help me. I said, yes. I told her that I had a summons for the defendant Andrew

Edmonds --

BY MR. PORTMAN:

Q Edmond B. Andrews.

A -- in care of this office.

She asked to see the document, which was in an envelope. I gave her the envelope. She retreated to the inner office. She returned with Mrs. Monteleagro.

Q At that time -- I hate to interrupt you.

Was the envelope at that time sealed?

A Yes.

Q Go ahead, sir.

THE COURT: Let me ask you a question. When she went back to the inner office, did she take the envelope with her?

THE WITNESS: Yes.

THE COURT: And she came back with Ms. Monteleagro.

THE WITNESS: Yes.

THE COURT: All right, go on from there.

THE WITNESS: When she returned, the envelope was opened. Ms. Monteleagro was reading the document as she walked toward me. When she approached, she stated that Mr. Andrews was not an employee there. She wasn't sure if she could accept the document.

She excused herself. She said she would be right back. She retreated into the inner office. She returned. She said: "Okay, he is our client. We can accept the document."

BY MR. PORTMAN:
Q Back in the office, there were attorneys in the back offices?
A I am not sure. I couldn't see where she went.
Q But it is an attorney's office?
A Yes.
Q Go ahead, sir.
A I asked her if she was qualified to accept the document. She said, yes.
I asked her name, her title, which I wrote down. We exchanged pleasantries, and she walked away.
Q At any time did the party state that they did not know Mr. Andrews?
A No.
Q At any time did the party state that they could not receive service on behalf of Edmond B. Andrews?
A No.
Q At the time did the party try to return the summons and complaint and objection to the service by you?
A No.
Q Did at that time Ms. Olga Monteleagro not understand that this was a service of a summons and a complaint for Edmond B. Andrews?
A No.
Q Is there any doubt in your mind, Mr. Williams, as a

professional in the service of process that proper service was not made?
A No, there is not.
Q Within 24 hours of the service of the summons and complaint, did you take any prescription medication?
A No.
Q Were you under the influence of any drugs or alcohol?
A No.
Q In addition, Mr. Williams, on your --
Are you on the board of directors of any professional organizations?
A Yes.
Q And what professional organization are you on the board of directors of?
A Miami-Dade County Process Association.
Q Did you hold an office or title at the Miami-Dade?
A Yes, I am formerly the vice president.
Q You are formerly the vice president.
How long have you been serving in that capacity?
A Vice president?
Q As vice president.
A I did serve one year, a one-year term.
Q A one-year term.
MR. PORTMAN: I have no further questions, your Honor.
THE COURT: Let me just look through this and see if I

have any more. Hang on just one second.

First of all, I wanted to ask you this. This building, it was a suite of offices within a larger building, I take it?

THE WITNESS: Yes.

THE COURT: It appeared by -- when you went into it, it appeared to be a law firm?

THE WITNESS: Yes.

THE COURT: So the first person you talked to was the receptionist who was out at the front desk or whatever?

THE WITNESS: Yes.

THE COURT: So she went back with the documents, came back with Ms. Monteleagro, who was already reading them at that point?

THE WITNESS: Yes.

THE COURT: Then you had the conversation with Ms. Monteleagro that you described, and then Ms. Monteleagro went back in the office?

THE WITNESS: Yes.

THE COURT: Did she go back to the same place or at least through the same way that the receptionist had?

THE WITNESS: Yes.

THE COURT: Approximately how long was Ms. Monteleagro back there after she talked to you and then went back before she came out again, ball park?

THE WITNESS: I would say five minutes.

THE COURT: Five minutes, not a real long time.

THE WITNESS: Just about five minutes.

THE COURT: What you indicated she said is that she indicated, "well, he is our client, so we can accept the document for him."

THE WITNESS: On the final return, she did say that.

THE COURT: I take it you understood that to mean that she was saying that he was the client presumably of the law firm, or did you know really?

THE WITNESS: No.

THE COURT: You didn't know. It wasn't a matter of concern for you?

THE WITNESS: No, because the outside of the envelope said in care of the law firm.

THE COURT: Okay. So the label on the outside of the envelope said, "Edmond Andrews, care of Bailey & Dawes"?

THE WITNESS: Yes.

THE COURT: Got it.

All right, those are all the questions I have.

Do you have follow-up questions based on what I asked, Mr. Portman?

MR. PORTMAN: Yes, I do, your Honor.

BY MR. PORTMAN:

Q Mr. Andrews' office is located within the offices of Bailey

& Dawes?

A I don't know that.

THE COURT: Anything else?

MR. PORTMAN: Yes, I do have a closing, your Honor.

THE COURT: Any other questions?

MR. PORTMAN: No, no other questions for Mr. Williams.

THE COURT: Thank you, Mr. Williams. You can step down.

(Witness excused.)

THE COURT: Go ahead, Mr. Portman.

MR. PORTMAN: Your Honor, I ask that the affidavit --

THE COURT: Mr. Portman, I take it you did not have other witnesses?

MR. PORTMAN: No.

THE COURT: All right, go ahead.

MR. PORTMAN: I ask that the affidavit of Edmond B. Andrews that was not sworn and not based on his own personal knowledge be stricken from the record. The affidavit is not admissible.

THE COURT: Let me just put it to you this way. I am only going to consider what has been presented here at the hearing, not anything else at this point.

MR. PORTMAN: Very good.

THE COURT: I am only going to consider -- and that means it's Mr. Williams' testimony, these affidavits and your

arguments, period.

MR. PORTMAN: I would also ask that the Court at this time take judicial notice of the exhibits that were filed on September 28th, which are copies of government service records that show that the firm of Bailey & Dawes and Mr. Guy Bailey, Esquire, is the registered agent for Edmond B. Andrews and Amerigulf Refinery, E.B. Capital, and I have a copy of that.

THE COURT: No, I have got all of that. I have got all of that right here. You need to --

You filed all of this on the 8th of September.

MR. PORTMAN: That is correct, your Honor.

THE COURT: There is a lot here. Point to me exactly what you are referring to.

MR. PORTMAN: I am referring to the records, your Honor, that were --

THE COURT: I know, but there's about 15, 20 pages.

MR. PORTMAN: Your Honor, I will give you the exhibit numbers.

THE COURT: Perfect.

MR. PORTMAN: Let me get up to speed with you.

THE COURT: Okay.

MR. PORTMAN: The exhibit numbers start at Exhibit 10, your Honor.

THE COURT: 10.

MR. PORTMAN: And go through Exhibit --

THE COURT: All right. Tell me what --

MR. PORTMAN: -- 17.

THE COURT: Tell me where you got these. You said government records. Is this like a printout?

MR. PORTMAN: This is a printout from the Secretary of State's office of the state of Florida regarding corporate identifications of companies that Mr. Andrews is involved in.

THE COURT: All right. So what 10 through 17 are, just so it's in the record here --

MR. PORTMAN: Yes.

THE COURT: -- 10 is the printout regarding an entity called Amerigulf --

MR. PORTMAN: Amerigulf Refinery LLC.

THE COURT: Let me say it because she can only take down one person at a time.

Amerigulf Refinery LLC, and it identifies Guy Bailey, 3250 Mary Street, Suite 100, Miami, as the registered agent, and it also identifies that as the principal address and the mailing address of the company.

MR. PORTMAN: That's correct.

THE COURT: Then Exhibit 12 is for E.B. Capital Corporation, similarly, Bailey & Dawes as the registered agent. Addresses are that same address.

Number 13 is actually just the second page of number 12.

MR. PORTMAN: Exactly.

THE COURT: Number 11 was the second page of 10.

Numbers 14 and 15 are records for a Manbaliq, M-a-n-b-a-l-i-q, Corporation with similar information.

And 16 and 17 are similar information for Latina Consulting Services, Inc.

And each one of these identifies Mr. Andrews as either a manager in the case of the LLC or president --

MR. PORTMAN: Director of the corporation.

THE COURT: -- a director of each one of these others.

Now, I thought you were saying, though -- I thought you had said that the Bailey & Dawes firm was a registered agent for Mr. Andrews as an individual. Where do you see that?

MR. PORTMAN: No, just as --

THE COURT: Got it.

MR. PORTMAN: I also want to call the Court's attention to Exhibit --

One second, your Honor. It's Exhibits 2 through 4, your Honor, which also shows that Mr. Andrews' car and automobile is registered to that same address.

THE COURT: But it is not a residence.

MR. PORTMAN: It is not a residence.

THE COURT: Okay.

MR. PORTMAN: But it is registered to that. It also further shows --

THE COURT: 2 through 4 come from where?

MR. PORTMAN: These are also copies from the Secretary of State from Florida.

THE COURT: Got it. Off their web site, in other words?

MR. PORTMAN: Off their web site, yes, your Honor.

THE COURT: Okay, go ahead.

You have also got a Fed Ex receipt where Ms. Monteleagro signed for something.

MR. PORTMAN: Yes, prior service of all the documents that I am sending through vis a vis motions that are pending in Court.

THE COURT: I see.

MR. PORTMAN: They are signing for the motions and I have receipts for each motion.

There is no other evidence that contradict the testimony and evidence presented to this honorable Court, and the plaintiff requests that this honorable Court deem that service of the summons and complaint was proper.

THE COURT: Okay. First of all, Mr. Williams was a credible witness. There is no question about that. I found him credible while he was testifying here. The real question has to do with whether what he did was legally sufficient. I am going to tell you what my issues are, and then I am going to need to do a little bit of research before I can make a

decision.

First of all, the fact that Bailey & Dawes was the registered agent for a corporation or for an LLC does not make them the registered agent for Mr. Andrews. Individuals don't have registered agents. It certainly tends to show that Bailey & Dawes was performing legal work on behalf of Mr. Andrews, but that by itself does not make them a proper recipient of service. And the fact that a Fed Ex package may have been signed for and that Mr. Andrews may have registered his car to that address, which isn't a residence, again, those are facts to take into account, but I don't think by themselves they are sufficient.

The way Mr. Williams put it was that what Ms. Monteleagro told him was "he is our client, we can accept the document." And, you know, ordinarily an individual has to be served personally. There are certainly circumstances in which it is appropriate to serve someone who has been authorized to act as an agent for the recipient for purposes of service of process, and essentially that is the scenario we are talking about here.

The contention is that Ms. Monteleagro and the law firm were essentially authorized to act as Mr. Andrews' agent for service of process. I don't know whether that is legally good enough or not, and I am going to have to do a little bit of research before I can make a definitive decision on that.

So I am going to do that.

I will issue a written ruling promptly, within the next week or 10 days, and we will take it from there depending upon what the ruling is. I just don't know the answer off the top of my head, and I am not prepared to wing it.

So is there anything else you want to tell me before we stop for the day?

MR. PORTMAN: No. That is it, your Honor.

THE COURT: Thanks very much.

MR. PORTMAN: Thank you very much.

THE COURT: Thanks, Mr. Williams.

(Which were all the proceedings had in the above entitled cause on the day and date aforesaid.)

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Laura M. Brennan
Official Court Reporter
Northern District of Illinois

Date