IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAREY PORTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05 C 3654 |
| ) | |
| EDMOND B. ANDREWS; ARTURO ) | |
| VALLARINO; CITIBANK N.A.; ) | |
| CITIGROUP CORP.; ANGEL SEVERINO ) | |
| DIAZ; and REPUBLIC OF PANAMA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The Republic of Panama, one of the defendants in this case, has moved to dismiss plaintiff Carey Portman's claims for lack of subject matter jurisdiction, improper service of process, and improper venue, and to strike Portman's jury demand as to the claims against Panama. For the reasons stated below, the Court dismisses Portman's claims against Panama for lack of proper venue.

### Facts

Portman alleges that he entered into a written contract with Panama that he says he negotiated with "former First Vice President [Arturo] Vallarino and former Ambassador [Edward] Andrews." Compl. ¶¶ 20, 21. According to Portman, under the contract he was engaged to attempt to redeem a $4.68 billion Citibank "certificate of obligation" supposedly representing funds that the United States Central Intelligence Agency supposedly seized from Manuel Noriega, Panama's former president. Id. ¶¶ 14, 32, 34. Portman alleges that under the

contract, he was to receive twelve percent of any funds recovered. *Id.* ¶ 22. Portman has sued Panama (as well as other defendants) for breaching the alleged agreement in various ways. *Id.* ¶¶ 37-41.

The Court previously dismissed Portman's claims against Citibank, and in doing so we noted the apparent phoniness of the purported "certificate of obligation." *See* Order of Oct. 14, 2005 at 2. Panama has not, however, moved to dismiss Portman's claims on this basis. Rather, it argues that the Court lacks subject matter jurisdiction over Portman's claim; that it has not properly been served with process; and that this District is an improper venue for the suit.

## Discussion

**1. Subject matter jurisdiction**

Because the Republic of Panama is a foreign state, under the Foreign Sovereign Immunities Act it is immune from suit in the courts of this country unless a specified exception to immunity exists. 28 U.S.C. § 1604; *see Saudi Arabia v. Nelson,* 507 U.S. 349, 355 (1993); *Phoenix Consulting, Inc. v. Republic of Angola,* 216 F.3d 36, 40 (D.C. Cir. 2000). Unless an exception exists, subject matter jurisdiction is lacking over the claim against the foreign state. *See, e.g., Verlinden B.V. v. Central Bank of Nigeria,* 461 U.S. 480, 488 (1983). One FSIA exception concerns actions based on commercial activities of the foreign state carried on in the United States or causing a direct effect in the United States. *See* 28 U.S.C. § 1605(a)(2).

"In accordance with the restrictive view of sovereign immunity reflected in the FSIA," the party claiming immunity has the burden of showing that the plaintiff's claims do not fall within a statutory exception. *Phoenix Consulting,* 216 F.3d at 40. A defendant that moves to dismiss on the ground that it is immune from suit under the FSIA may challenge either the legal

sufficiency of the plaintiff's claims or their factual sufficiency. If, as in this case, the defendant challenges only the legal sufficiency of the claims, the court takes the plaintiff's factual allegations as true and determines whether those allegations are sufficient to bring the case within a statutory exception to immunity. *Id.* at 40 (citing cases).

Portman's allegations, if taken as true, are sufficient to bring the case within the FSIA's commercial activity exception to sovereign immunity. The exception applies when the plaintiff's claim is based on a foreign state's commercial activity that has substantial contact with the United States; commercial activity consists of "either a regular course of commercial conduct or a particular commercial transaction or act." 28 U.S.C. § 1603(d) & (e).

Portman's claim against Panama is based on his contention that Panama contracted with him to collect, in this country, a debt purportedly owed to Panama by an American bank. Taking this contention as true for purposes of the present inquiry, Panama's activity qualifies as commercial activity within the meaning of the FSIA. The FSIA's legislative history provides examples of what constitutes commercial activity: a "foreign government's sale of a service or product, its leasing of property, its borrowing of money, its employment or engagement of laborers, clerical staff or public relations or marketing agents or its investment in the security of an American corporation." H.R. Rep. No. 1487, 94th Cong., 2d Sess. 16, *reprinted in* 1976 U.S. Code Cong. & Admin. News 6604, 6615.[1] If borrowing money in this country constitutes commercial activity, then surely collecting on claim said to be owed to the foreign state by a

---

[1] Case law under the FSIA likewise makes it clear that borrowing money in this country constitutes commercial activity within the meaning of § 1605(a)(2). *See Shapiro v. Republic of Bolivia,* 930 F.2d 1013, 1018-19 (2d Cir. 1991); *Carl Marks & Co. v. USSR,* 841 F.2d 26, 27 (2d Cir. 1988) (per curiam); *West v. Multibanco Comermex, S.A.,* 807 F.2d 820, 825 (9th Cir. 1987).

United States bank falls in the same category. For this reason, the Court denies Panama's motion to dismiss for lack of subject matter jurisdiction.[2]

**2.    Venue**

Panama also argues that the case is improperly venued in this District. A particular subsection of the general venue statute governs suits against foreign states. *See* 28 U.S.C. § 1391(f). Two of the four subsections of § 1391(f) are not implicated in this case, as they concern specific types of claims that Portman has not brought. *See id.* § 1391(f)(2) & (3). The remaining subsections provide that a foreign state may be sued in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or in the United States District Court for the District of Columbia. *Id.* § 1391(f)(1) & (4).

In its motion and supporting memorandum, Panama argues that in the circumstances of this case, the District of Columbia is the only proper venue. *See* Mot. to Dismiss and to Strike Jury Demand ¶ 5; Mem. in Support of Mot. to Dismiss and to Strike Jury Demand at 5. In response, Portman argues that he lives in this District and that the defendants enticed him via the mail, telephone, and facsimile transmission to come to Panama and that it was foreseeable to them that they would be sued in the United States. Pl's Resp. and Mem. of Law at 22.

Portman does not attempt to show, however, that a substantial portion of the events

---

[2] The Court rejects Panama's argument in its reply brief that Portman is claiming not that Panama took actions that injured him, but that Panama, like Portman, is the victim of actions taken by others, specifically Andrews and Vallarino. This ignores the fact that Portman is claiming that Andrews and Vallarino were acting on behalf of Panama and that Portman is suing Panama based on the contract that he says Panama entered into with him through Andrews and Vallarino. At this stage of the proceedings, of course, we are simply taking Portman's allegations as true, without assessing their veracity.

giving rise to the claim took place in the Northern District of Illinois. Nonetheless, because Portman is proceeding *pro se*, the Court has reviewed his complaint to determine if it describes a legitimate basis for venue in this District. Portman has attached to his complaint correspondence directed to him in this District dated November 26, 2001 from a purported Panamanian senator authorizing him to seek redemption of the Citibank certificate. *See* Compl., Ex. 5. Portman has also attached correspondence from Arturo Vallarino both purportedly sent to him in this District, *id.,* Ex. 6, pp. 1-2, as well as other letters sent to him here. *Id.,* Ex. 14, 16, 23.

Portman has also attached to his complaint, however, an affidavit signed by a man named Joseph Grosz who states that the meetings in which Portman's claimed contract with Panama was negotiated all took place in Panama. Compl., Ex. 8 ¶¶ 4-6 & 8. Portman has also attached an affidavit from James Davis who says essentially the same thing. *Id.,* Ex. 9 ¶¶ 2-7. Davis also describes a series of later meetings in Florida regarding Portman's purported retention by Panama. *Id.* ¶¶ 8-12. A second affidavit from Grosz and another from a man named Guenter Mueller discuss meetings that took place in Germany in 2003. *Id.,* Ex. 10 ¶¶ 1-4; Ex. 11. Moreover, each of the previously-cited items of correspondence sent to Portman in Chicago appears simply to confirm arrangements claimed to have been made at one or more of these meetings outside Illinois. And Grosz states in his initial affidavit that Portman brought the purported Citibank certificate to the Panamanians, not the other way around. *Id.,* Ex. 8 ¶¶ 3.

In light of this evidence, the Court agrees with Panama that Portman has not provided a basis to conclude that a substantial part of the events or omissions giving rise to his claim against Panama occurred in this District. The fact that confirmatory correspondence was sent to Portman here, even when combined with his suggestion (not supported by evidence or argument)

5

that he was initially solicited here, does not allow his claim against Panama to be venued in this District. Portman's claims against Panama (Counts 1 and 2) arise from his purported contract with that country and its performance, not from the claimed pre-contract solicitation of Portman. For these reasons, the Court concludes that venue in this District is not proper under § 1391(f)(1). As such, the only proper venue is the District Court for the District of Columbia under § 1391(f)(4).

Because it does not appear that the Republic of Panama has yet been served with process, the Court concludes that the appropriate course is to dismiss Portman's claims against Panama for lack of proper venue, rather than transferring the case to the District of Columbia under 28 U.S.C. § 1406(a).

## Conclusion

For the reasons stated above, the Court denies defendant Republic of Panama's motion to dismiss for lack of subject matter jurisdiction but grants its motion to dismiss for lack of proper venue [docket no. 96]. All claims against the Republic of Panama are dismissed for lack of proper venue. Defendant's motion to strike Portman's jury demand is terminated as moot, given the Court's dismissal of Portman's claims.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 17, 2006