KC FILED

AUG 1 6 2007
AUG 16 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAREY PORTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05C 3654 |
| | ) | |
| EDMOND B. ANDREWS | ) | Honorable Judge Kennelly |
| (FORMER AMBASSADOR FOR THE | ) | |
| COMMERCIAL EXTERIOR TO THE | ) | Judge Presiding. |
| UNITED STATES FOR THE REPUBLIC | ) | |
| OF PANAMA), ARTURO VALLARINO | ) | JURY DEMAND |
| (FORMER FIRST VICE PRESIDENT | ) | BOND REQUEST |
| FOR THE REPUBLIC OF PANAMA | ) | |
| AND CITIBANK N.A. | ) | |
| AND CITIGROUP INC | ) | |
| AND ANGEL SEVERINO DIAZ, AND | ) | |
| THE REPUBLIC OF PANAMA | ) | |
| AND E.B. CAPITAL CORP | ) | |
| Defendants. | ) | |

## NOTICE OF FILING

**TO:** See Attached Service List

PLEASE TAKE NOTICE that on Wednesday, August 16, 2007 at 9:30 A.M., or as soon thereafter as counsel may be heard, I filed with the clerk of the court, Dirksen Federal Building, 219 S. Dearborn Chicago, Illinois and then present my response and argument instanter, Plaintiff, **CAREY PORTMAN'S FILED MOTION TO PROVE-UP DAMAGES AND AFFIDAVIT AS BILL FOR COSTS AGAINST THE DEFENDANT, E. B. CAPITAL (DBA) EDMON D B. ANDREWS**, a copy of which is attached hereto and herewith served upon you.

CAREY PORTMAN, PRO-SE

By: ______________________

Carey Portman
5415 N. Sheridan Rd. Apt 3414
Chicago, Illinois 60640

## CERTIFICATE OF SERVICE

The undersigned, *pro-se,* certifies that on August 16, 2007, a copy of the foregoing notice, and motion was facsimiled to the above referenced defendant, E.B. Capital (DBA) Edmond B. Andrews ..

Carey Portman, Pro-Se

SERVICE LIST

His Excellency
Martin Torrijos
President For the Republic of Panama
Palacio Presendencial, San Felipe
Valija 50
Panama 1, Panama

Thomas Dutton Esq.
Greenberg Traurig L.L.P.
77 W Wacker Drive
Suite 2500
Chicago, IL 60601
PH: 312-456-8400
FX: 312-456-8435

Former Ambassador Edmond B. Andrews
C/O Bailey and Dawes
3350 Mary St
Suite 307
Coconut Grove
Miami, Florida 33133
PH: 305-374-5505
FX: 305-374-6715

3250 Mary Street
Suite 100
Coconut Grove, FL 33133

Riffner, Barber Rowden and Manassa
1834 Walden Office Square
Fifth Floor
Schaumberg, Illinois 60173
PH: 847-303-0107
FX: 847-303-6621

Former First Vice President Arturo Vallarino
Edison Plaza, Third Floor
Ricardo J. Alfaro Avenue & El Paical
P.O. Box 55-2359
Paitilla, Panama

Angel Severino Diaz
Terre BBVA Piso 5
Postal Code 6753
Zone 5
Panama F.C.

Jennifer Schoen Gilbert Esq.
Neal, Gerber and Eisenberg
2 N. LaSalle Street Ste 2200
Chicago, Illinois 60602
PH: 312-269-8000
FX: 312-269-1747

KC FILED
AUG 1 6 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---

| | | |
|---|---|---|
| **CAREY PORTMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 05C 3654** |
| | ) | |
| **EDMOND B. ANDREWS** | ) | **Honorable Judge Kennelly** |
| **(FORMER AMBASSADOR FOR THE** | ) | |
| **COMMERCIAL EXTERIOR TO THE** | ) | **Judge Presiding.** |
| **UNITED STATES FOR THE REPUBLIC** | ) | |
| **OF PANAMA) , ARTURO VALLARINO** | ) | **JURY DEMAND** |
| **(FORMER FIRST VICE PRESIDENT** | ) | **BOND REQUEST** |
| **FOR THE REPUBLIC OF PANAMA** | ) | |
| **AND CITIBANK N.A.** | ) | |
| **AND CITIGROUP CORPORATION** | ) | |
| **AND ANGEL SEVERINO DIAZ, AND** | ) | |
| **THE REPUBLIC OF PANAMA** | ) | |
| **AND E.B. CAPITAL** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF, CAREY PORTMAN'S MOTION TO PROVE-UP DAMAGES AND AFFIDAVIT AS A BILL FOR COSTS AGAINST E.B. CAPITAL (DBA) AS EDMOND B. ANDREWS FOR A DEFAULT JUDGEMENT ISSUED ON OCTOBER 02,2006**

NOW COMES CAREY PORTMAN ("plaintiff") and makes and files his motion to prove up damages and affidavit as a bill for costs against defendant, E.B. Capital (DBA) as Edmond B. Andrews for a summary judgment granted by the District Court and for cause of action would respectfully show the Court as follows:

I. **Facts Relevant to the Motions**

1. On October 02, 2006 this Honorable Court granted the plaintiff, Carey Portman his motion for summary judgment against E.B. Capital (DBA) as Edmond B. Andrews.

2. The order dated October 02, 2006 provided this District Court for entering a default under the Federal Rule of Procedure 55 (a) against E.B. Capital (DBA) Edmond B. Andrews.

3. The District Court is aware that E.B. Capital is another name for Edmond B. Andrews where both parties were served lawfully.

4. The defendant, E.B. Capital caused all documents, contracts and all relevant matters pursuant to the complaint at law before the District Court. All of the costs and expenses that the plaintiff, incurred are the responsibility of E.B. Capital (DBA) Edmond B. Andrews.

5. The district court instructed the plaintiff, Carey Portman to prepare an affidavit as a "Bill for Costs" to be reviewed by the District Court as a prove-up for damages pursuant to its order dated October 02, 2006.

6. The District Court discussed and agreed in open court that the reference of E.B. Capital was the same as Edmond B. Andrews as all documents, contracts and records were executed by Edmond B. Andrews as an officer of E.B. Capital as well as prepared by and through his corporate offices in Miami Florida. The District Court ruled that is was not necessary for the plaintiff, Carey Portman to file another complaint against E.B. Capital and Edmond B. Andrews and that it would consider wherever Edmond B. Andrews and Severino Diaz names were stated in the complaint the same as E.B. Capital

as both parties were officers and directors as the same time for all counts pending before the District court on this complaint.

8. This District Court did have a hearing on this matter and stated to the plaintiff, Carey Portman that he did not have to file another complaint as the District Court would accept the fact that Edmond B. Andrews and Severino Diaz did business as E.B. Capital and that there names were synonymous with each allegation and act as stated in the complaint.

WHEREFORE the plaintiff respectfully requests that this Honorable Court reconsider the following:

A. That this Honorable Court enters a default judgment against E.B. Andrews (DBA) Edmond B. Andrews;

B. That this Honorable Court enters the plaintiff's attached affidavit as a Bill For Costs;

C. That this Honorable Court enter a damage award against E.B. Capital (DBA) Edmond B. Andrews to the plaintiff, Carey Portman in the amount of $1,259,000.00.

D. That this Honorable Court enter a compensatory damage award against E.B. Capital (DBA) Edmond B. Andrews to the plaintiff, Carey Portman in the amount of $3,778,950.00.

E. That this Honorable Court enter a punitive damage award against E.B. Capital (DBA) Edmond B. Andrews to the plaintiff, Carey Portman in the amount of $7,554,000.00.

F. That this Honorable Court grant relevant discovery to attach liens on assets and properties against E.B. Capital (DBA) Edmond B. Andrews for the payment on the default judgment entered by the District Court

F. And any relief that this Honorable Court deems appropriate.

Respectfully submitted,

Carey Portman, Pro-Se

Carey Portman, Pro-Se
5415 N. Sheridan Road
Ste 3414
Chicago, Illinois 60640

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---

**CAREY PORTMAN,** )
)
**Plaintiff,** )
)
**vs.** ) **No. 05C 3654**
)
**EDMOND B. ANDREWS** ) **Honorable Judge Kennelly**
**(FORMER AMBASSADOR FOR THE** )
**COMMERCIAL EXTERIOR TO THE** ) **Judge Presiding.**
**UNITED STATES FOR THE REPUBLIC**)
**OF PANAMA) , ARTURO VALLARINO**) **JURY DEMAND**
**(FORMER FIRST VICE PRESIDENT** ) **BOND REQUEST**
**FOR THE REPUBLIC OF PANAMA** )
**AND CITIBANK N.A.** )
**AND CITIGROUP INC.** )
**AND ANGEL SEVERINO DIAZ, AND** )
**THE REPUBLIC OF PANAMA** )
**AND E.B. CAPITAL CORP** )
**Defendants.** )

**COUNTY OF COOK** )
**STATE OF ILLINOIS** )

**<u>AFFIDAVIT</u>**

**I, CAREY PORTMAN, state** as follows:

1. That, I, Carey Portman am a current citizen of the United States of America and reside in the Chicago, Illinois.

2. I, Carey Portman, if called at trial would make the following statements under sworn oath for this "Bill of Costs".



ExhBiT-A

3. I, Carey Portman, am the plaintiff in case number 05 C 3654 entitled *Carey Portman v. Edmond B. Andrews (DBA) E.B. Capital* and the statements as set forth in this Affidavit are based on my own personal knowledge and I would attest to the facts set forth herein if called to do so in open court pursuant to Rule 55 (a).

4. I, Carey Portman, was retained by Edmond B. Andrews (DBA) E.B. Capital regarding matters related to being appointed as a Deputy Ambassador to Edmond B. Andrews.

5. I, Carey Portman, was also retained by Edmond B. Andrews (DBA) E.B. Capital for the redemption of Citibank Certificate of Deposit 898270211 in the amount of 4.68 billion dollars.

6. The relevant time period was from August 2001 until present totaling 67 months or 268 weeks. I spent an average of twenty-five (25) hours per week at a rate of $125.00 per hour. There is a current total of 6700 hours at $125.00 per hour totaling $837,500.00

7. The relevant time period was from August 2001 until present totaling 67 months or 268 weeks, I, Carey Portman received and paid telephone (land line and cellular) expenses of approximately $200.00 per month totaling $13,400.00.

8. The relevant time period was from August 2001 until present totaling 67 months or 268 weeks, I, Carey Portman received and paid travel expenses of then the following: Panama trip from 9/14/01 top 9/16/01- $1,700.00; Panama Trip from 9/25/01 to 10/02/01- $2,300.00; Panama Trip from 11/10/01 top 11/14/01- $3,650.00; Miami trip from 11/11/02 to 11/13/02 $2,800.00; Madrid, Düsseldorf trip from 08/21/03 to 08/29/03

$5,500.00 Washington DC trip 04/05/03 to 04/07/03 $1,800.00; These were all trips authorized by E.B. Capital (DBA) Edmond B. Andrews totaling $17,750.00 for the relevant time periods.

9. The relevant time period was from August 2001 until present totaling 67 months or 268 weeks, I, Carey Portman received and paid legal expenses of $10,000.00.

10. The relevant time period was from August 2001 until present totaling 67 months or 268 weeks, I, Carey Portman received and paid court costs and fees of $1,000.00.

11. The relevant time period was from February 2004 until present, due to a Federal Indictment for impersonating an official from the Republic of Panama, I, Carey Portman had all financial licenses suspended precluding me for making a living wage in excess of $100,000 per year totaling $350,000.00.

12. The relevant time period was from August 2001 until present totaling 67 months or 268 weeks, I, Carey Portman paid office expenses including secretarial staff, document copies (20 cents per copy), notarizing documents, legal notarizing through Secretary of State and miscellaneous expenses totaling $30,000.00.

13. I, Carey Portman as requesting a judgment to entered against E.B. Capital (DBA) Edmond B. Andrews for $1,259,000.00 in damages.

14. I, Carey Portman as requesting a judgment to entered against E.B. Capital (DBA) Edmond B. Andrews for $3,778,950.00 in compensatory damages.

15. I, Carey Portman as requesting a judgment to entered against E.B. Capital (DBA) Edmond B. Andrews for $7,554,000.00 in punitive damages.

FURTHER AFFIANT SAYETH NOT

Carey Portman

SWORN BEFORE ME A NOTARY PUBLIC
ON THE 14th DAY OF AUGUST, 2007

NOTARY PUBLIC

"OFFICIAL SEAL"
MARIA JOY D AGNES
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 9/27/2010

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| | | | |
|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
| **CASE NUMBER** | 05 C 3654 | **DATE** | 10/2/2006 |
| **CASE TITLE** | Portman vs. Andrews, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants plaintiff's motion for a default judgment as to defendant E.B. Capital in part and denies it in part. Defendant E.B. Capital is held in default on Count 3 of the second amended complaint – the only claim asserted against E.B. Capital – for failure to make a timely response to that claim following service of summons. Plaintiff's motion is otherwise denied. The Court notes that no default *judgment* is yet entered. The Court will, at an appropriate point, set the matter for a hearing at which plaintiff may seek to prove up his damages, if any, against E.B. Capital under Count 3.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

In his second amended complaint in this case, *pro se* plaintiff Carey Portman sued Edmond Andrews, Arturo Vallarino, Citibank N.A., Citigroup Inc., Angel Severino Diaz, E.B. Capital Corp., and the Republic of Panama. Mr. Portman applied for entry of a default judgment against E.B. Capital on the ground that it failed to respond after being served with the second amended complaint (in which E.B. Capital was first named as a defendant) and a summons.

The Court noted in its order of May 8, 2006 that it was considering only whether to enter an order of default under Federal Rule of Civil Procedure 55(a), after which Mr. Portman would be given an opportunity to prove up his damages, if any, against E.B. Capital.

In the second amended complaint, Mr. Portman alleges that E.B. Capital is a Florida corporation whose president and chief executive officer is defendant Andrews and whose vice president is defendant Diaz. In several of the counts contained in his second amended complaint, Mr. Portman makes allegations involving Mr. Andrews and Mr. Diaz. In the May 8 order, however, the Court noted that it could not determine which, if any, of the claims in the second amended complaint were asserted against E.B. Capital. The Court asked Mr. Portman to provide this information to the Court.

At a later status hearing, Mr. Portman advised that he intended to make all of his claims against E.B. Capital. With all due respect to Mr. Portman, that makes no sense. First of all, five of the claims in the second amended complaint – Counts 5 through 11 – are, on their face, aimed only against Citibank and Citigroup (concerning a purported Citibank "certificate of obligation" and a purported Citibank certified draft); those claims involve no allegations relating to Mr. Andrews or Mr. Diaz, who are claimed to be officers of E.B. Capital. *See* 2d Am. Compl. ¶¶ 55. The Court cannot imagine a basis under which these claims are, or could be, made against E.B. Capital.

## STATEMENT

Count 1 of the second amended complaint is a claim for breach of contract. In that claim, Mr. Portman alleges that in November 2001, the Republic of Panama entered into an agreement with him executed "under the direction of [Panama] First Vice President Arthuro Vallarino and [Panamanian] Ambassador Andrews as the vice-president of the Republic of Panama and Ambassador of the Commercial Exterior to the United States for the Republic of Panama." 2d Am. Compl. ¶ 21. The alleged agreement concerned the verification and redemption of the purported Citibank certificate of obligation and allegedly entitled Mr. Portman to a percentage of the funds recovered under the certificate of obligation. *Id.* ¶¶ 22-23. Mr. Portman alleges that Vallarino, Andrews, Diaz breached the agreement in various ways. *See, e.g., id.* ¶¶41-42. In Count 1, Mr. Portman asks that his agreemnet "be specifically enforced against Vallarino, Andrews, Diaz, and the Republic of Panama." *Id.* ¶ 43. In short, Count 1 is a claim for breach of a contract that Mr. Portman says he had with the Republic of Panama, and perhaps with Vallarino, Andrews, and Diaz. Mr. Portman does not allege anywhere in Count 1 that E.B. Capital was a party to the contract. It is a basic principle of contract law that the proper parties to a claim for breach of contract are the contracting parties. Because E.B. Capital is not claimed to have been a party to the contract – and, just as importantly, because Mr. Portman specifically asks in Count 1 to enforce the contract against persons and entities *other than* E.B. Capital, the Court does not read Count 1 as a claim against E.B. Capital, and thus Mr. Portman is not entitled to an order of default against E.B. Capital on Count 1.

Count 2 is a claim for attorney's fees. The title of Count 2 is: "COUNT II: Legal Fees against Vallarino, Diaz, Andrews and the Republic of Panama." 2d Am. Compl., p. 11. In that claim, Mr. Portman says that because of the alleged breaches of contract asserted in Count 1, he is "entitled to recover [his] attorney's fees and costs of the litigation from Vallarino, Andrews, Diaz and the Republic of Panama for prosecuting this lawsuit." *Id.* ¶ 46. Under the circumstances, the second amended complaint clearly shows on its face that Count 2 is not asserted against E.B. Capital, and the Court does not read it as such. Mr. Portman is thus not entitled to an order of default against E.B. Capital on Count 2.

Count 3 is a claim for tortious interference with contract; it is entitled "COUNT III: Tortious Interference With Contract Against Vallarino, Andrews and Diaz." 2d Am. Compl., p. 12. In that claim, Mr. Portman alleges that Vallarino, Andrews, and Diaz interference with his contract with the Republic of Panama, causing Panama to breach the contract. *Id.* ¶ 49. But although the title of Count 3 does not mention E.B. Capital, in the body of the claim, Mr. Portman alleges that "Andrews and Diaz were acting as officers and directors of E.B. Capital" in their alleged acts of interference. *Id.* Under the circumstances, it appears that Count 3 is, in fact, a claim against E.B. Capital as well as against Vallarino, Andrews, and Diaz.

There are two claims identified as Count 4. The first is entitled "Count IV: Breach of Duty of Care and Fraud"; the second is entitled "Count IV: Breach of Loyalty." In the first of these claims, Mr. Portman says that Vallarino, Andrews, and Diaz breached their obligations under the purported agreement referenced earlier. *See* 2d Am. Compl. ¶ 52. In the second of these claims, Mr. Portman says that Vallarino, Andrews, and Diaz breached fiduciary duties they purportedly owed to Mr. Portman. *See id.* ¶ 54. In view of what Mr. Portman alleges in these claims; because his second amended complaint does not suggest that E.B. Capital was a party to the alleged contract; and because his second amended complaint, even when read liberally as the law requires, does not suggest that E.B. Capital owed him a fiduciary duty or that he had a relationship with E.B. Capital from which a fiduciary duty could be inferred, the Court concludes that Count 4 is not asserted against E.B. Capital. For this reason, Mr. Portman is not entitled to an order of default against E.B. Capital on Count 4.

For these reasons, the Court grants Mr. Portman's motion for a default judgment in part and denies it in part. E.B. Capital is held in default on Count 3 of the second amended complaint – the only claim asserted against

| STATEMENT |
|---|
| E.B. Capital -- for failure to make a timely response to that claim following service of summons. Mr. Portman's motion is otherwise denied. The Court again notes that no default *judgment* is yet being entered. Rather, the Court is entering an order of default against E.B. Capital on Count 3 pursuant to Rule 55(a). The Court will, at an appropriate point, set the matter for a hearing at which Mr. Portman may seek to prove up his damages, if any, against E.B. Capital under Count 3 for tortious interference with contract. |